**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.W.,<br><br>        Plaintiff,<br><br>v.<br><br>JERSEY CITY BOARD OF EDUCATION,<br><br>        Defendant. | Civil Action No. 22-6483 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>November 7, 2024 |

      **THIS MATTER** having come before this Court upon Plaintiff L.W.'s ("Plaintiff") Motion for Reconsideration, (D.E. 59 ("Motion")) filed in connection with this Court's April 8, 2024 Opinion and Order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Cross-Motion for Summary Judgment and Motion for Sanctions, (D.E. 57 & 58); and

      **WHEREAS** Plaintiff initially brought an action in this Court seeking reversal of a New Jersey Office of Administrative Law ("NJOAL") decision by filing a complaint against Defendant Jersey City Board of Education ("Defendant" or "JCBE") in August 2017. (D.E. 26-1 at 387–438.) In the NJOAL decision, Administrative Law Judge ("ALJ") Ellen S. Bass concluded Plaintiff's claims brought under the Individuals with Disabilities Education Act ("IDEA") in her due process petition were untimely. (*Id.* at 373 n.2.) ALJ Bass reasoned the IDEA required that L.W.'s parents "advocate on her behalf" when she was a minor, such that it was irrelevant whether L.W. knew or should have known her rights were being violated until she reached the age of majority. (*Id.* at 381.) Given that L.W.'s parents failed to timely bring a due process petition on

her behalf and that neither exception to the statute of limitations ("SOL") applied, the ALJ dismissed Plaintiff's petition with prejudice. (*Id.* at 386.); and

**WHEREAS** this Court subsequently reversed the NJOAL's decision and denied the parties' cross-motions for summary judgment after finding there was a genuine issue of material fact "as to who was authorized to advocate for L.W.'s IDEA rights while she was enrolled in the Jersey City public schools." *L.W. v. Jersey City Bd. of Educ.*, No. 17-6451, 2018 WL 3536095, at *5–6 (D.N.J. July 23, 2018). Additionally, this Court remanded the matter to the NJOAL for a due process hearing. *Id.* at 6; and

**WHEREAS** on remand, ALJ Barry E. Moscowitz concluded that H.W., Plaintiff's mother, had legal authority to make decisions pertaining to Plaintiff's education up until Plaintiff reached the age of majority. (D.E. 26-2 at 145.) ALJ Moscowitz reasoned that H.W.'s failure to bring a due process petition within two years from the time she knew or should have known of the alleged violations barred Plaintiff from asserting those claims now, consistent with 20 U.S.C. § 1415(f)(3)(C).[1] (*Id.* at 146–47.) Because L.W. "did not even file her complaint within two years after she turned eighteen, or any time before she turned twenty-one," ALJ Moscowitz reached the same conclusion regarding the viability of L.W.'s claims once she reached the age of majority. (*Id.* at 145–47.) Lastly, ALJ Moscowitz concluded neither exception to the statute of limitations applied. (*Id.* at 152); and

**WHEREAS** thereafter, Plaintiff once again sought reversal of the NJOAL's decision, filing a complaint with this Court. (D.E. 1.) The parties filed cross-motions for summary judgment; Plaintiff also filed a motion for sanctions. (D.E. 30, 42 & 53.) This Court granted

---

[1] 20 U.S.C. § 1415(f)(3)(C) provides: "A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows."

Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment and motion for sanctions. (D.E. 57 at 1); and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 185, 189 (D.N.J. 2013); and

**WHEREAS** this Court rejects Plaintiff's argument that "a jury could reasonably find that JCBE's failure to provide [Prior Written Notices ("PWNs")] and an Eligibility Notice prevented" H.W. from timely filing a petition. (Mov. Br. at 8.) In making such an argument, Plaintiff does not identify the availability of new evidence, but instead points to previously considered evidence already in the record. *See, e.g.*, *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020) ("A motion for reconsideration . . . does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion."); *Millan v. Town of Harrison*, No. 20-2241, 2024 WL 4189352, at *3 (D.N.J. Sept. 12, 2024) (denying a motion for reconsideration where the plaintiff did not present "anything new" and his citations to the record supported the court's prior holding);

**WHEREAS** similarly, this Court rejects the argument that it failed to consider whether the second exception to the SOL, 20 U.S.C. § 1415(f)(3)(D)(ii),[2] applied with respect to Plaintiff's father, E.P., because he was only given "a two-page document regarding levels of educational performance." (Mov. Br. at 12–13.) As Plaintiff herself concedes, "[t]he information provided to E.P. reflected there was no reason for concern or basis to file a lawsuit for an IDEA violation." (*Id.* at 13.) Plaintiff does not point to any new evidence suggesting Defendant withheld information that it was required to provide to E.P. after it provided him with the PWN. Plaintiff repeats an argument raised in her summary judgment motion, "which is not permitted on reconsideration."[3] *Ins. Co. of the State of Pennsylvania v. Liberty Mut. Fire Ins. Co.*, No. 20-15280, 2024 WL 3823917, at *3 n.5 (D.N.J. Aug. 15, 2024); and

**WHEREAS** Plaintiff argues that this Court overlooked the "knew or should have known standard" and that its outcome reflects an application of the "occurrence theory," which the Third Circuit rejected in *G.L. v. Ligonier Valley School District Authority*, 802 F.3d 601 (3d Cir. 2015). (Mov. Br. at 8–12.) This Court finds no error in its application of 20 U.S.C. § 1415(f)(3)(C) and *Ligonier*. In upholding the two-year SOL for IDEA claims, the Third Circuit reasoned that in amending 20 U.S.C. § 1415(b)(6)(B), Congress intended "that a due process complaint must be presented 'within 2 years' of a parent's reasonable discovery date, not that remedies be limited to injuries that occurred 'not more than 2 years before' that date." *Ligonier*, 802 F.3d at 625. This

---

[2] 20 U.S.C. § 1415(f)(3)(D)(ii) provides, in relevant part, that the two-year SOL "shall not apply to a parent if the parent was prevented from requesting [a] hearing due to the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent."

[3] This Court reaches the same conclusion regarding Points IV and V of Plaintiff's brief, which reiterate the arguments made in her brief for the motion for summary judgment. *See Henry v. Essex Cnty.*, No. 20-11159, 2022 WL 5169593, at *2 (D.N.J. Oct. 5, 2022) (rejecting the CFG defendants' argument for reconsideration where "they reiterate[d] the arguments and case law raised in their original briefing," with "significant portions of their reconsideration brief appear[ing] to have been copied-and-pasted from their motion to dismiss/summary judgment brief"); *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used 'to ask the Court to rethink what i[t] has already thought through—rightly or wrongly.'") (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Court liberally considered H.W.'s reasonable discovery dates, finding that "at numerous junctures between October 2008 and May 2010, H.W. knew or should have known . . . but she either failed to discover such issues or chose not to pursue relief." (D.E. 57 at 15.) Given that Plaintiff's claims are time-barred, this Court finds no basis to reconsider its prior holding. *See Barbee v. Amira Nature Foods, Ltd.*, No. 21-12894, 2024 WL 626302, at *4–5 (D.N.J. Feb. 14, 2024) (denying a plaintiff's motion for reconsideration where the court previously decided his federal securities claims were untimely); *Blount v. TD Bank, N.A.*, No. 20-18805, 2023 WL 7403603, at *6 (D.N.J. Nov. 9, 2023) (denying a plaintiff's motion for reconsideration where the court's prior opinion considered the continuing violation doctrine and the plaintiff offered no authority, "controlling or otherwise," to counter the court's statement of law or its application); and

**WHEREAS** this Court noted in its April 8, 2024 Opinion that ALJ Moscowitz did not address the subject of the remand, namely to determine "who was authorized to advocate for L.W.'s IDEA rights." (D.E. 57 at 17.) In his decision, ALJ Moscowitz concluded H.W. had authority over L.W.'s education, premised on two Superior Court orders. (*Id.*) Despite the ALJ's reliance on the two Superior Court orders this Court had previously deemed unclear to determine who had authority over Plaintiff's education, this Court stated that it would "not reverse ALJ Moscowitz's determination because the testimony offered at the due process hearing could have supported the conclusion th[at] H.W. was authorized to advocate for L.W.'s IDEA rights." (*Id.*) ALJ Moscowitz's decision does not amount to a *sua sponte* reversal of this Court's decision in its 2018 Opinion.

**WHEREAS** to the extent that the law of the case doctrine applies, in deciding to abide by ALJ Moscowitz's determination, this Court considered new evidence previously not available— the testimony offered at the due process hearing. *See Pub. Int. Rsch. Grp. of New Jersey, Inc. v.*

5

*Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997) (holding that a court may reconsider an earlier-decided issue when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice"). This Court considered how H.W.'s signing of an IEP for L.W.'s brother "could have suggested that she possessed the relevant decision-making authority." (D.E. 57 at 17.); therefore

Plaintiff's Motion is **DENIED**. An appropriate order follows.

        /s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:    Parties
        Michael A. Hammer, U.S.M.J.